Mally Gage
4110 W Eva St
Phoenix, Az 85051
(520) 979-4566
mallygage@gmail.com

```
  FILED        LODGED
  RECEIVED     COPY

  DEC 1 2 2022

  CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
  BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MALLY GAGE,<br><br>      Plaintiff,<br><br>vs.<br><br>MAYO CLINIC,<br><br>      Defendant | Case No.:   **CV22-02091-PHX-JZB**<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Pursuant to 28 U.S.C. § 1654 pro-se Plaintiff, Mally Gage, brings this Complaint against Mayo Clinic.

**Introduction**

Ms. Gage was adversely affected by unlawful employment practices by Mayo Clinic on the basis of retaliation to an Equal Employment Opportunity Commission (EEOC) charge submission, pregnancy notification and submission of a Religious Exemption and Request for Accommodations based on her deeply held religious beliefs that the defendant refused to address or acknowledge. Instead, Mayo Clinic harassed and demanded Ms. Gage to fill out an Online Form Template that limited her ability to convey her religious beliefs and maliciously demanded a waiver of rights, admittances, interrogatories and information to disprove rather than seek to understand her religious beliefs. Mayo Clinic's Online Form displayed gross and intentional malice against 29

1

C.F.R. § 1605 and Title VII of the Civil Rights Act by 1) Limiting an employee's submission of Religious Exemption to 500 characters (3-5 sentences), 2) Not allowing submission of any additional request for accommodations, regardless of reasonability, 3) Mandating as a term of employment, the forfeiture of rights including but not limited to agreeing to disparate treatments, forgoing additional Requests for Accommodations and agree to possible termination, 4) Mandating as a term of employment the discloser of medical records for the sole purpose of disproving (instead of seeking to understand) a religious belief during the exemption request, 5) Mandating as a term of employment a response via closed-ended YES/NO answers without room for additional dialogue stating that religious employees must immediately stop other medical treatments/prescription medications or admit their beliefs are false, and 6) Mandating that employees could not copy or retain the document questions, responses, or legal agreements for their records.

## Jurisdiction and Venue

The Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331. This pleading regards matters of 29 C.F.R. § 1605. This action is authorized and instituted pursuant to the authority of Title VII of Civil Rights Act. Venue is proper in this court pursuant to 42 U.S.C. § 2000e – 5(f)(3) and 28 U.S.C. §§1391 (b), (c) as the parties reside in Maricopa County and actions in question were committed within the state of Arizona. The plaintiff has a right to sue per 29 C.F.R. §1601.28.

## General Allegations

On 3/14/2022 Ms. Gage interviewed with Mayo Clinic for an inpatient pharmacist position.

On 3/17/2022 Ms. Gage was offered the position by Mayo Clinic and she accepted.

On 3/19/2022 Ms. Gage submitted a Religious Dossier containing her Religious Exemption Request to Mayo Clinic's COVID-19 vaccine mandate with Reasonable Requests for Accommodation and an explanation of deviation from Mayo Clinic's online exemption form template due to its inappropriate demands and limitations.

On 3/22/2022 Mayo Clinic HR Preboarding Coordinator, Pang Her, acknowledged receipt of the Religious Dossier and stated she was giving it to their "Religious Exemption Committee".

Later on 3/22/2022 Ms. Gage was informed that Mayo Clinic's Religious Exemption Committee received the Religious Dossier, but would not address it and would only accept Mayo Clinic's pre-made Online Form, despite Ms. Gage's expressed concerns about the online exemption form due to its inappropriate demands and limitations and requested they reconsider.

On 3/23/2022 at 8:12am Ms. Gage again informed Mayo Clinic that their Online Form contained many legal issues that she addressed specifically. Ms. Gage informed Mayo Clinic that due to the illegal nature of the demanded Online Form and the refusal to engage in the interactive process, she would be submitting an EEOC complaint/charge.

3

On 3/23/2022 Ms. Gage submitted her complaint to the EEOC via Certified Mail.

On 3/23/2022 at 9:44am Mayo Clinic HR Senior Recruiter Sarah Lee contacted Ms. Gage stating she also received Ms. Gage's Religious Dossier, was reviewing Ms. Her's emails, and was consulting her legal department.

On 3/23/2022 at 2:30pm Mayo Clinic completed a medically-based "Post Offer Placement Assessment" in which they discovered that Ms. Gage was 24 weeks pregnant. Ms. Gage passed this assessment and all others.

On 3/25/2022 at 7:48am Mayo Clinic left Ms. Gage a voicemail that they will be requiring Ms. Gage to fill out the Online Form in full and that it will now be a term of employment.

On 3/25/2022 at 4:21pm Mayo Clinic again issued that Ms. Gage would need to complete their Online Form.

On 3/25/2022 at 9:06pm Ms. Gage showed good faith and agreed to fill out the Online Form, but will not be signing away her rights and will only complete it to the point of what is legally required by 29 C.F.R. § 1605 and Title VII of the Civil Rights Act of 1964.

On 3/28/2022 at 6:19am, Mayo Clinic responded that they would only accept the Form electronically filled out in its entirety (online only) and they were entitled to every part of the Form by law, which they refused to cite.

On 3/28/2022 at 10:32am Ms. Gage again informed Mayo Clinic that the Online Form is not 29 C.F.R. § 1605 or Title VII of the Civil Rights Act compliant and is

demanding her to sign away her rights to Reasonable Accommodation as a term of employment against the 2015 Equal Employment Opportunity Commission finding with the Illinois Department of Human Services that confirmed issuing a waiver of rights as a term of employment is illegal.

On 3/28/2022 at 12:50pm after Ms. Gage successfully completed all of the pre-hire qualifications (including medical), submitted her Religious Exemption and Requests for Accommodations, and submitted an EEOC complaint the employer was aware of, Mayo Clinic terminated her employment.

Mayo Clinic's Online Form Template:

1) Restricts employees to a limit of 500 characters (3-5 sentences) to explain their religious beliefs, its depth and sincerity.

2) Instructed that employees could not retain records of the legal agreement.

3) Demanded, without good faith basis, for Ms. Gage to disclose if her beliefs have ever "changed over time".

4) Demanded disclosure of irrelevant medical history of all vaccinations over the last 5 years.

5) Demanded a YES/NO answer to if Ms. Gage's beliefs had any objection, even "in part", to the use of fetal cell lines, did not allow an option to explain what the belief was, and immediately issued a list of ~20-30 drugs (blood pressure medications, OTC pain medications, Benadryl, Albuterol, Tums, etc.) that Mayo Clinic then demanded Ms. Gage to select one of two options stating she will stop

5

and "act consistent with [her] my religious beliefs" or continue taking and admit her beliefs are false and not sincere. There was no option for stating the question was not applicable and/or space to explain/expand on Ms. Gage's deeply and sincerely held beliefs.

6) Demanded a YES/NO answer to if Ms. Gage was "requesting an exemption from the vaccine requirement as an accommodation" without space for requesting any other accommodations.

7) Demanded by signed response that Ms. Gage agrees to be subjected to "continuous masking", "frequent PCR testing", "additional PPE requirements", a blanket statement of any "other measures as COVID-19 and business circumstances warrant", and "I also understand that my work assignment and/or position could be impacted" – all of which were points addressed in Ms. Gage's Requests for Accommodations.

Mayo Clinic did not demand others outside of Ms. Gage's protected group to sign such agreements or waiver of rights despite them posing the same dangers of infection and spread of COVID-19 to others which was confirmed by the CDC and multiple studies at the time of the Religious Dossier submission.

Mayo Clinic also did not follow CDC guidelines in having vaccinated employee's maintain booster shots.

Ms. Gage's submitted Religious Exemption was only 2 pages long, well-covered the sincerity and depth of her religious beliefs in line with 29 C.F.R. § 1605 and disclosed

6

why it was restricting her ability to get the specific COVID-19 vaccine which Mayo Clinic's Online Form prevented her from expressing.

Ms. Gage's submitted Reasonable Accommodation Requests was 2 pages long and contained explanations of reasonableness and legal foundations to make such requests.

Ms. Gage's Reasonable Accommodations Requests were:

1) Provide a copy of Mayo Clinic's Covid-19 Vaccine mandate and any associated precaution policy and procedure so she can navigate efficient precaution and address any questions or needs.

2) As there is a hate culture toward unvaccinated religiously exempt employees, Ms. Gage asked for no identification marker to be established such as a "badge symbol" on her uniform that would visually label her to her beliefs and become a target – an action that other hospitals in Arizona were issuing.

3) That all potentially infectious staff are subjected to the same masking policies as those with religious beliefs, and that training for the masks, if applicable, be in accordance to Federal Regulation 29 C.F.R. § 1910.132-134.

4) An answer if those outside of Ms. Gage's protected class will have preferential treatments.

5) If at any point Mayo Clinic is asserting that they are protecting Ms. Gage's health and safety above her own knowledge and liberty, that they use CDC demographical data specific to Ms. Gage's demographics to show that point.

6) For Mayo Clinic to pay for any additional testing that they require Ms. Gage to complete, and that all potentially infectious and contagious employees be subjected to the same treatment.

Mayo Clinic received and reviewed Ms. Gage's Religious Exemption submission but did not respond to it, list any issues they found in it, or send any inquiries for more information.

Mayo Clinic received and reviewed Ms. Gage's Request for Accommodations; however, they did not respond to it, list any undue hardships or engage in the interactive process.

## First Cause of Action – Religious Discrimination

**Count 1: Refusal to accept or acknowledge Ms. Gage's Religious Exemption submission.**

Ms. Gage submitted a Religious Exemption to Mayo Clinic which was received by multiple HR administrators, the "Religious Exemption Committee", and their legal department by email and certified mail which they refused to acknowledge, despite its legal foundation.

**Count 2: Limited how Ms. Gage could submit her religious beliefs and request for exemption.**

Mayo Clinic received Ms. Gage's Religious Exemption but refused to acknowledge it and directed her to an online template form that limited her ability to convey her sincere beliefs per 29 C.F.R. § 1605 by strong character limits,

8

closed-ended questions, as well as leading, inappropriate, improper and irrelevant questions.

**Count 3: Demanding by term of employment that Ms. Gage needed to provide 5 years of material facts of adherence to beliefs per Mayo Clinic's preconceived prejudice that they assumed Ms. Gage's beliefs were to all vaccines, without ever addressing her actual beliefs.**

> Mayo Clinic's preemptive demand for a 5-year proof of adherence of beliefs was made in bad faith against the 7th circuit *en-banc* ruling of *EEOC v. Ilona of Hungary, Inc* and far beyond the *Hussein v. Waldorf-Astoria* 'good faith basis to doubt the sincerity' grounds.

**Count 4: Demanding by term of employment, a written YES/NO false dichotomy that Ms. Gage either agree to stop ~20-30 medications or admit her beliefs are false.**

> Mayo Clinic's online Form frequently demanded answering a YES/NO dichotomy with limited selections aimed at false admittances without space for an explanation or selection of inapplicability as an answer.

**Count 5: Refusal to accept or acknowledge Ms. Gage's Reasonable Accommodation Requests, refusal to engage in that interactive process, and failure to list undue hardship.**

> Mayo Clinic at no point listed any undue hardships, only demands that Ms. Gage forgo her rights to reasonable accommodation that she had already submitted and was acknowledged as received by HR representatives.

9

**Count 6: Demanded by term of employment that Ms. Gage sign away her rights to reasonable accommodation.**

Mayo Clinic demanded that Ms. Gage first sign that she agreed to give them permission to do the exact actions she was seeking accommodation from. Mayo Clinic additionally added a stipulation that Ms. Gage also agree to be subjected to any "other measures" they felt were warranted, even those that would impact her employment or position. Such an agreement voids any room for Ms. Gage to make requests for accommodations toward any actions / "other measure" that Mayo Clinic would impose on Ms. Gage for her beliefs.

**Count 7: Demanding, with threat of termination, that Ms. Gage could not retain Mayo Clinic's online Religious Exemption Form/Template.**

Any agreement, especially one that is involved in the interactive process is vital to be retained by both parties. While Mayo Clinic may want to conceal their malice in this document, Ms. Gage does have a right to retain legal agreements and/or proof of discrimination.

**Count 8: Termination of Ms. Gage's employment.**

Despite meeting all qualifications to continue with the start of her employment and frequently stated interest and pursuit of employment with Mayo Clinic by Ms. Gage, Mayo Clinic forgoed an interactive process, refused to acknowledge her submitted legally sufficient Religious Exemption and Requests for

Accommodations, and terminated her employment against her requests because of her religious beliefs.

### Second Cause of Action – Religious Retaliation

Ms. Gage engaged in protected activities when reporting a perceived religious discriminatory action by Mayo Clinic to the EEOC and informing Mayo Clinic of that complaint. Days after the complaint, Mayo Clinic stopped engaging in the interactive process and started demanding Ms. Gage to multiple illegal terms of employment with frequent rhetoric and threats aimed at Mayo Clinic stopping her employment, which they followed through on by improperly terminating her.

### Third Cause of Action - Pregnancy Discrimination

Mayo Clinic appeared to be proceeding in the employment of Ms. Gage by upholding this last step of a Post Offer Placement Assessment. Ms. Gage disclosed during this medical assessment that she was 24 weeks pregnant. Days after this disclosure, Mayo Clinic started demanding Ms. Gage to multiple illegal terms of employment with frequent rhetoric and threats aimed at Mayo Clinic stopping her employment. Mayo Clinic's actions in terminating Ms. Gage's employment are due to compounding prejudices.

### Requests for Relief

Wherefore, Ms. Gage Requests that this court

1) Allow for Trial by Jury;

11

2) Declare the acts and practices complained of herein are in violation of federal law;

3) Directing defendant to take such affirmative action as necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment or employment opportunities;

4) Directing defendant to return plaintiff to the position she would have occupied but for the defendant's discriminatory treatment, and make her whole for all earnings she would have received but for the defendant's discriminatory treatment, including but not limited to, back pay, forward pay, pension, seniority, sick time, paid time off and other lost benefits;

5) Awarding plaintiff compensatory damages in amounts to be determined by a jury;

6) Awarding plaintiff pre- and post-judgment interest as well as the costs of this action;

7) Granting such other and further relief as this court deems necessary and proper.

Dated this 10th day of December, 2022.

_____
Mally Gage